UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

GERRY C. DuBOSE,

Plaintiff,

v.

JANET E. ANDREWS,
NGOCI J. WAMUO,
HENNEPIN COUNTY MEDICAL CENTER,
and HENNEPIN FACULTY ASSOCIATES,

Defendants.

---

Civil No. 02-20 (MJD/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). The matter is presently before the Court for review of Plaintiff's pro se Complaint and application for leave to proceed in forma pauperis ("IFP"). For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3), and that Plaintiff's IFP application be denied.

**I. BACKGROUND**

Plaintiff is attempting to sue various agencies and employees of Hennepin County, Minnesota. As far as the Court can tell, Plaintiff is alleging that Defendants attempted to detain him in a county medical facility against his will. He claims that Defendants violated his federal constitutional right to equal protection, and he is asking the Court to award him $50,000 for "emotional distress and humiliation," and $50,000 in punitive damages.

JAN 2 2 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. DISCUSSION

Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).

In this case, even with the benefit of liberal construction that is required in pro se matters, (see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's Complaint does not state any cause of action that can be entertained in federal court. Plaintiff claims that Defendants violated his rights under the equal protection clause of the Fourteenth Amendment to the federal Constitution; but he has not alleged any facts that would support such a claim.

The Complaint does not state an actionable equal protection claim, because it includes no facts suggesting that Defendants treated Plaintiff differently because he belonged to some particular class or group of people. See Keevan v. Smith, 100 F.3d 644, 648 (8th Cir. 1996) (equal protection claimants "must, as a threshold matter, demonstrate that they have been treated differently by a state actor than others who are similarly situated simply because [the claimants] belong to a particular protected class"); Hedges v. Poletis, 177 F.3d 1071, 1075 (8th Cir. 1999) ("it is unlawful for state officials to discriminatorily enforce the laws against a disfavored class of persons solely on the basis of their membership in that class").

Because Plaintiff has not alleged an actionable equal protection claim, and his Complaint does not state any other claim for relief based on federal law, federal subject matter jurisdiction is missing in this action.[1] The action must therefore be dismissed pursuant to Fed. R. Civ. P. 12(h)(3). It will be recommended that this action be dismissed without prejudice, however, so that Plaintiff will still have the opportunity to pursue his claims in the Minnesota state courts.[2] Lastly, it will be recommended that Plaintiff's IFP application be denied, because he has failed to state a cause of action that can properly be entertained in federal court. See 28 U.S.C. § 1915(e)(2)(B).

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's Complaint, (Docket No. 1), be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(h)(3); and

2. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**.

Dated: January 22, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge

---

[1] Federal jurisdiction cannot be invoked based on diversity of citizenship, (see 28 U.S.C. § 1332), because it clearly appears from Plaintiff's submissions that he and the named Defendants are all residents of Minnesota.

[2] This does not mean that Plaintiff actually appears to have a viable state law claim. Indeed, if he were to file his current pleading in a state court, it probably would not survive a motion to dismiss. If Plaintiff elects to pursue a lawsuit in state court, he will have to do a much better job of pleading his claim(s).

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by Feb. 8, 2002, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.