UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Gerry C. DuBose,

Plaintiff,

Civil 02-20 (RHK/JMM)

vs.

**ORDER**

Janet E. Andrews, Ngoci J. Wamuo,
Hennepin County Medical Center,
and Hennepin Faculty Associates

Defendants.

---

Plaintiff's April 25, 2002 letter request (attached), pursuant to Local Rule 7.1(g), for permission to file a Motion for Reconsideration is **DENIED**.

Dated: May 3, 2002

RICHARD H. KYLE
United States District Judge

FILED MAY - 3 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

April 25, 2002

RECEIVED
APR 25 2002
U.S. DIST. COURT
MINNEAPOLIS, MN

Hand Delivered

Office of the Clerk
Room 700 Federal Building
316 N. Robert St.
St. Paul, Mn. 55101-1460

Re: Motion to Reconsider the Court's Order under LR 7.1(g)
Gerry C. DuBose v. Janet E. Andrews, et al.
Civil Number: 02-CV-0020 (RHK/JMM)

Dear Clerk:

Please find the following enclosed for filing: Plaintiff's Motion to Reconsider the Court's Order under LR 7.1(g).

Sincerely,

Gerry C. DuBose

GCD/dp

cc: No counsel of record named
Richard H. Kyle, U.S. District Court Judge

Enclosures

April 25, 2002

RECEIVED
APR 25 2002
CLERK, U.S. DIST. COURT
MINNEAPOLIS, MN

Hand Delivered

Richard H. Kyle, U.S. District Court Judge
Office of the Clerk
Room 700 Federal Building
316 N. Robert St.
St. Paul, Mn. 55101-1460

Re: Motion to Reconsider the Court's Order under LR 7.1(g)
Gerry C. DuBose v. Janet E. Andrews, et al.
Civil Number: 02-CV-0020 (RHK/JMM)

Dear Judge Kyle:

This letter is to show the following compelling circumstances in the above-referenced matter:

The above-referenced complaint was filed in a timely manner under the following statute of law: Title 28, United States Code, Section 1331. Under this statute of law, the district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States. The allegations within plaintiff's complaint before this court clearly alleged violation of federal law. For example, the complaint alleged that the above-referenced defendants' interfered with an active Title 42, United States Code, Section 1983, civil action for deprivation of rights, and color of state law existed in this civil matter! Federal law prohibits interference with a Title 42, United States Code, Section 1983, active civil matter before the courts (for example, see Title 18, United States Code, Section 242). Because of this fact, the complaint before the above-referenced court raises federal question jurisdiction, for federal law violation was alleged in the complaint, etc. (see Johnsrud v. Carter (1980, CA3 Pa) 620 F2d 29).

The magistrate judge recommendation was an error as follows: Under Local Rule 72.1(c), see Exhibit 1 attached, for a copy of this local rule; in this local rule, the complaint must be at the dispositive pretrial motions level of litigation; the above-referenced complaint was not answered by defendants, nor did the defendants' responded to Plaintiff's Memorandum in Objection to Report Recommendation, and plaintiff's affidavit filed with the court! Thus, the

defendants' as named herein, failed to contest the alleged facts within plaintiff's complaint herein!

Because of the above-stated facts, plaintiff is attaching a proposed amended complaint marked as Exhibit 2 herein, as stated in plaintiff's affidavit filed with the court!

Under Section 1331, the federal courts have jurisdiction over violation of federal law, etc. Therefore, the plaintiff per Local Rule 7.1(g), as attached and marked as Exhibit 3; plaintiff prays that the court grant the plaintiff permission to file a Motion to Reconsider the Court's Order, for the defendants' answer to the complaint herein, and trial, thereafter, will determine whether or not federal law was violated according to the alleged facts within plaintiff's complaint.

If the federal courts allow interference with a suit under Title 42, United States Code, Section 1983, by state agencies, agents, representatives, etc. Then, Title 42, United States Code, Section 1983, would not be actionable in the U.S.A., for interference would hinder justice on the merit of the law! This establishes compelling circumstances under Local Rule 7.1(g); permission is respectfully asked of this court, for the plaintiff to file a Motion to Reconsider the Court's Order.

Sincerely,

Gerry C. DuBose

GCD/dp

cc: No counsel of record named
Richard H. Kyle, U.S. District Court Judge

Enclosures

## LR 67.3 WITHDRAWAL OF A DEPOSIT PURSUANT TO FED. R. CIV. P. 67

Any person seeking withdrawal of money that was deposited in the Court pursuant to Fed. R. Civ. P. 67 and which was subsequently deposited into an interest-bearing account or instrument as required by Fed. R. Civ. P. 67, shall provide, on a separate paper attached to the motion seeking withdrawal of the funds, the social security number or tax identification number of the ultimate recipient of the funds. This separate paper shall be forwarded by the Court directly to the institution holding the money.

[Adopted effective February 1, 1991]

## LR 71.1 CONDEMNATION CASES

When the United States files separate land condemnation actions and concurrently files a single declaration of taking relating to those separate actions, the Clerk of Court is authorized to establish a master file so designated, in which the declaration of taking shall be filed, and the filing of the declaration of taking therein shall constitute a filing of the same in each of the actions to which it relates when reference is made thereto in the separate actions.

[Adopted effective February 1, 1991]

## LR 72.1 MAGISTRATE JUDGES

(a) **Duties Under 28 U.S.C. § 636(a).** Each United States Magistrate Judge appointed by this Court is authorized to perform the duties prescribed by 28 U.S.C. § 636(a) and may:

(1) Exercise all the powers and duties conferred or imposed upon United States Commissioners by law or the Federal Rules of Criminal Procedure;

(2) Administer oaths and affirmations, impose conditions of release under 18 U.S.C. § 3142, and take acknowledgments, affidavits, and depositions;

(3) Try persons accused of minor offenses committed within this district in accordance with 18 U.S.C. § 3401, order a presentence investigation report on such person who is convicted or pleads guilty or nolo contendere, and sentence such persons;

(4) Conduct removal proceedings and issue warrants of removal in accordance with Fed. R. Crim. P. 40;



EXHIBIT 1

(5) Conduct extradition proceedings, in accordance with 18 U.S.C. § 3184; and

(6) Supervise proceedings conducted pursuant to letters rogatory, in accordance with 28 U.S.C. § 1782.

**(b) Nondispositive Pretrial Matters.**

(1) In accordance with 28 U.S.C. § 636(b)(l)(A), and after consideration of Fed. R. Civ. P. 16(b), as amended August 1, 1983, a Magistrate Judge may hear and determine any pretrial motion or other matter, other than those motions specified in Subsection (c), infra. No scheduling conference or scheduling order shall be required in social security disability cases, habeas corpus petitions, and forfeitures. No scheduling conference or order shall be required in the review of administrative actions when such conference or order is deemed unnecessary by the Judge or Magistrate Judge.

(2) Any party may appeal from a Magistrate Judge's determination made under this rule within 10 days after service of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a Judge. Such party shall file with the Clerk of Court, and serve on all parties written notice of appeal which shall specifically designate the order or part thereof appealed from and the basis for objection thereto. A Judge of the Court shall consider the appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The Judge may also reconsider any matter sua sponte. Any party appealing from a Magistrate Judge's order shall file a brief. Any brief accompanying an appeal from a Magistrate Judge's order must be served and filed within 10 days of service of the order. Other parties may respond to the brief within 10 days after being served with it. All briefs filed under this rule shall be limited to 10 pages.

**(c) Dispositive Pretrial Motions And Prisoner Cases.**

(1) In accordance with 28 U.S.C. § 636(b)(l)(B) and (C), a Magistrate Judge may hear, conduct such evidentiary hearings as are necessary or appropriate, and submit to a Judge proposed findings of fact and recommendations for the disposition of (1) applications for post-trial relief made by individuals convicted of criminal offenses; (2) prisoner petitions challenging conditions of confinement; and (3) motions for injunctive relief (including temporary restraining orders and preliminary injunctions), for judgment on pleadings, for summary judgment, to dismiss or quash an indictment or information made by a defendant, to suppress evidence in a criminal case, to dismiss for failure to state a claim upon which relief may be granted, to involuntarily dismiss an action, for judicial review of administrative determinations, and for review of default judgments.

(2) Any party may object to the Magistrate Judge's proposed findings, recommendations or report issued under LR 72.1(c)(1) within 10 days after being served with a copy thereof. Such party shall file with the Clerk of Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is being made and the basis for such objection. A Judge shall make a de novo determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The Judge, however, need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge and make a determination on the basis of that record. The Judge may also receive further evidence, recall witnesses, or recommit the matter to the Magistrate Judge with instructions. Any party objecting to a Magistrate Judge's proposed findings and recommendations shall file a brief within 10 days after being served with a copy of the recommended disposition. A party may respond to the objecting party's brief within 10 days after being served with it. All briefs filed under this rule shall be limited to 10 pages.

(3) A Magistrate Judge may exercise the powers enumerated in Rules 5, 8, 9, and 10 of the Rules Governing §§ 2254 and 2255 Proceedings, in accordance with the standards and criteria established in 28 U.S.C. § 636(b)(2) and Fed. R. Civ. P. 53.

**(d) Special Master References.** A Magistrate Judge may serve as a special master subject to the procedures and limitations of 28 U.S.C. § 636(b)(2) and Fed. R. Civ. P. 53.

**(e) Other Duties.** A Magistrate Judge is also authorized to:

(1) Exercise general supervision of the civil and criminal calendars of the Court, conduct calendar and status calls, and determine motions to expedite or postpone the trial of cases for the Judges;

(2) Conduct pretrial conferences, settlement conferences, omnibus hearings, and related pretrial proceedings;

(3) Conduct arraignments in cases not triable by the Magistrate Judge to the extent of taking a not guilty plea or noting a defendant's intention to plead guilty or nolo contendere and ordering a presentence report in appropriate cases;

(4) Receive grand jury returns in accordance with Fed. R. Crim. P. 6(f);

(5) Accept petit jury verdicts in civil cases in the absence of a Judge;

EXHIBIT

2

RECEIVED

APR 25 2002

U.S. DIST. COURT
MINNEAPOLIS, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

CIVIL FILE NO. 02-CV-0020 (RHK/JMM)

---

Gerry C. DuBose,
Plaintiff,

vs.

Janet E. Andrews, individually and as an agent of Hennepin County Medical Center and Hennepin Faculty Associates; Ngoci J. Wamuo, individually and as an agent of Hennepin County Medical Center and Hennepin Faculty Associates; Hennepin County Medical Center; and Hennepin Faculty Associates,
Defendants.

PROPOSED
AMENDED COMPLAINT

---

Demand For Jury Trial

---

For his proposed amended complaint against the defendants, the plaintiff states and alleges as follows:

I.

That at all times relevant herein, the plaintiff is an African-American citizen of the United States of America, and a resident of the State of Minnesota, County of Hennepin.

II.

That at all times relevant herein, Janet E. Andrews and Ngoci J. Wamuo are citizens of the United States of America, and residents of the State of Minnesota, County of Hennepin.

III.

That at all times relevant herein, the Defendants Hennepin County Medical Center and Hennepin Faculty Associates are a Minnesota professional association in the medical practice in the State of Minnesota, and has its businesses in Minneapolis, Minnesota, County of

Hennepin. The Defendants Janet E. Andrews and Ngoci J. Wamuo were agents of Hennepin County Medical Center and Hennepin Faculty Associates, at all times relevant herein, and acting on their behalf and within the scope of their employment.

IV.

That subject matter jurisdiction over the case is based of Title 28, United States Code, Section 1331; federal question jurisdiction against an agency of the state government, for interfering with a Title 42, United States Code, Section 1983, active civil matter, for deprivation of rights. Color of state law exit in this civil claim!

V.

That on January 11, 2000, the plaintifff called the police by phone to report the fact that someone used a key to enter plaintiff's apartment! To plaintiff's knowledge nothing was taken from his apartment, but someone removed file folders from plaintiff's file cabinets and placed some file folders on the floor, and rearranged file pockets on the floor for a lawsuit! This was reported to the police officers upon their appearance at plaintiff's apartment. Plainitiff's health status was positive.

VI.

That on January 11, 2000, approximately three (3) hours after plaintiff called the police, for someone entering his apartment by key as stated in V. above. Plaintiff after eating and drinking something within his apartment; plaintiff became drowsy, dizzy, and thought that he might become unconscious! Thus, the plaintiff took a health precaution by calling 911, for someone had entered his apartment by key. The police officers responded to the 911 call, although plaintiff's health status was okay and controllable upon their arrival at plaintiff's apartment; plaintiff wanted to phone his brother who lived nearby, for further health assistance if needed!

VII.

That on May 5, 1998, State of Minnesota agents or representatives, and a Brooklyn Center, Minnesota, private business employee entered plaintiff's apartment by key! The Brooklyn Center, Minnesota, private business employee tampered with plaintiff's typewriter

with memory, stored text, etc., to make it inoperative! Stored text was deleted from memory within the typewriter for a federal lawsuit, filed under Title 42, United States Code, Section 1983 (case number 5-96-292); this entry to plaintiff's apartment interfered with this federal lawsuit! The tampering of plaintiff's typewriter was confirmed upon repair of plaintiff's typewriter on May 19, 1998. These facts are substantiated by eyewitnesses, etc., to this incident. This incident was not reported to the police department, for the plaintiff knew who came to his apartment, and the reason why they came, and nothing was taken from plaintiff's apartment. Plaintiff's apartment complex manager was notified of this incident, and accused by the plaintiff of giving the State of Minnesota agents or representatives plaintiff's apartment key to enter plaintiff's apartment without consent!

VIII.

That the incident on January 11, 2000, as stated in VI. above was over in its entirety, but one (1) police officer made the following statement to the plaintiff about the incident as occurred in V. and VII. above: Maybe Susan did not let them in! Susan, the manager of plaintiff 's apartment complex was a very close friend of one (1) of the police officers involved in this incident, and did not let them in, was referring to the State of Minnesota agents or representatives as stated in VII. above. After this statement was made by the police officer, the two (2) incidents on January 11, 2000, became personal! The police officers decided to force the plaintiff by ambulance to a hospital contrary to the selection made by the plaintiff! Although the plaintiff did not need further health assistance as stated in VI. above.

IX.

That the plaintif was forced to Hennepin County Medical Center as stated in VIII. above; no health medical doctor examined the plaintiff for any medical problem upon arriving at Hennepin County Medical Center. Defendant Ngoci J. Wamuo without introducing herself to the plaintiff, stated the followng to the plaintiff: You have a federal lawsuit? Plaintiff responded by requesting the following: Plaintiff wanted to be examined by a health medical doctor as an outpatient, and released immediately upon the arrival of his brother! The request was denied

by Ngoci J. Wamuo without stating who she was; plaintiff responded by saying that Hennepin County Medical Center has no merit to hold the plaintiff. The plaintiff was kept at Hennepin County Medical Center without merit, for plaintiff's health status was okay and controllable, and there was no need for hospital care.

X.

That the plaintiff knew why he was kept at Hennepin County Medical Center as stated in IX. above, and the fact that plaintiff had medical insuranc! Because of these facts, plaintiff decided to follow the following format for medicatin given: Fake swallowing the medication, and reserved in mouth, and later went to the bathroom, and spat the medication in the toilet, and went to the sink for water and rinsed mouth out! This format was used for all medication given to the plaintiff until he was released by Hennepin County Medical Center and Hennepin Faculty Associates. No medical treatment was rendered to the plaintiff upon being kept without consent, and without merit at Hennepin County Medical Center and Hennepin Faculty Associates, from January 11, 2000, to January 19, 2000.

XI.

That on January 11, 2000, to January 13, 2000, there were attempts made by a medical doctor at Hennepin County Medical Center and Hennepin Faculty Associates as follows: Plaintiff acted as if he was sleeping in his hospital bedroom while laying down in his bed, and witnessed the person placed in his hospital bedroom signaling from his bed, a medical doctor to come into the hospital bedroom. The medical doctor entered the hospital bedroom, and went directly to plaintiff's bed, and was getting ready to inject the plaintiff with a syringe filled with fluid or liquid; the medical doctor had the syringe in his right hand. Plaintiff raised up from his bed, and said to the medical doctor the following: Doctor, can I help you? The medical doctor ran out of the hospital bedroom, as plaintiff yelled to the medical doctor that he should take his co-worker with him, the person that signaled the medical doctor to come into plaintiff hospital bedroom! This person immediately got up from his bed and put his hands over his face, and ran out off plaintiff's hospital bedroom! Plaintiff decided not to sleep at night, because of this

incident, and the plaintiff slept in the daytime by taking very short naps, and this was done until the plaintiff was released from Hennepin County Medical Center and Hennepin Faculty Associates on January 19, 2000! These incidents at Hennepin County Medical Center and Hennepin Faculty Associates, from January 11, 2000, to January 19, 2000, caused the plaintiff to develop a sleeping disorder, etc.

XII.

That on January 13, 2000, Defendant Janet E. Andrews attempted to get the plaintiff committed permanently to Hennepin County Medical Center and Hennepin Faculty Associates, because of the facts as stated in XI. above. Without any foundation or merit Defendant Janet E. Andrews stated and drafted on paper that the plaintiff was paranoid schizophrenia, and needed permanent hospitalization. This interfered overwhelmingly with plaintiff's federal lawsuit as a pro se litigant (case number 5-96-292).

XIII.

That the nurse assigned to the plaintiff at Hennepin County Medical Center and Hennepin Faculty Associates, from January 11, 2000, to January 13, 2000, confirmed the fact that the plaintiff would have something done to him as stated in XI. above, by telling the plaintiff the following: I heard that the doctors are going to do something to you, but the doctors wil not do anything to you while you are assigned to me, etc.! This nurse assigned to the plaintiff was observed by the plaintiff leaving the hospital floor escorted by a State of Minnesota agent or representative before the plaintiff's bedtime! Plaintiff did not state to the assigned nurse anything about the incident as stated in XI. above!

XIV.

That the defendants' violated the plaintiff's constitutional rights as stated herein, and interfered overwhelmingly with plaintiff's federal lawsuit, etc.

XV.

As a direct and proximate result of the defendants' violation of the plaintiff's rights, the plaintiff has been damaged as follows: Emotional distress and humiliation; interfering with the

federal lawsuit; and initiating and causing a sleeping disorder. Wherefore, the plaintiff prays for judgment against the defendants as follows:

1. In an amount in excess of $50,000 for emotional distress and humiliation.
2. In an amount in excess of $50,000 for interference with federal lawsuit.
3. In an amount in excess of $50,000 for initiating and causing a sleeping disorder.
4. For such other and different relief as the court shall deem just and equitable.

Dated: april 25, 2002.

Gerry C. DuBose, pro se
6450 67th Ave. N., Apt. 304
Brooklyn Park, Minnesota 55428
763-533-4781

(E) Request for Oral Argument. A statement must be included on the cover of the moving, opposition, or reply brief as to whether oral argument is requested. Generally, if any party requests oral argument it will be granted. The hearing date shall be obtained from the calendar clerk of the appropriate judge. However, absent a request for oral argument, the matter will be decided on the papers pursuant to Fed. R. Civ. P. 78, unless the Court directs otherwise.

(c) **General Rules.** No party shall file a memorandum of law exceeding 35 pages except by permission of the Court. If a reply memorandum of law is filed, the cumulative total of the original memorandum and the reply memorandum shall not exceed 35 pages, except by permission of the Court. Affidavits and exhibits shall not be attached to the memorandum of law.

(d) **Failure to Comply.** In the event a party fails to timely deliver and serve a memorandum of law, the Court may strike the hearing from its motion calendar, continue the hearing, refuse to permit oral argument by the party not filing the required statement, consider the matter submitted without oral argument, allow reasonable attorney's fees, or proceed in such other manner as the Court deems appropriate.

**1991 Advisory Committee's Note to LR 7.1**

See LR 1.1(f) for the method of computing time.

See LR 37.2 for the form of discovery motions.

(e) **Type Size.** Memoranda of Law shall be printed or type-written and double spaced. All material other than footnotes must appear in at least 11 point type, or its equivalent of not more than 12 characters per inch. Pages shall be 8 ½ by 11 inches in size with written material not exceeding 6 ½ by 9 inches.

(f) **Unsolicited Memoranda of Law.** Except with permission of the Court, no memoranda of law will be allowed except as provided in these rules.

(g) **Motion to Reconsider.** Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances. Requests to make such a motion, and responses to such requests, shall be made by letter to the Court of no more than two pages in length, a copy of which must be sent to opposing counsel.

[Adopted effective February 1, 1991; amended November 1, 1996; amended January 3, 2000]



EXHIBIT
tabbles
3